IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES HEARD, #134723, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15-CV-21-MHT |
| ) | |
| JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James Heard ("Heard"), an indigent inmate, in which he challenges actions which occurred in 2014 during his confinement at the Lee County Detention Center. The order of procedure entered in this case instructed Heard to inform the court and the defendants of any new address immediately. *Doc. No. 5* at 6, ¶7(h). The record demonstrates that Heard received a copy of this order and he previously has provided notices advising the court of his changes of address. *See Doc. No. 23, Doc. No. 24* and *Doc. No. 25*.

This court recently obtained information that Heard is no longer at the last address he provided for service.[1] Upon receipt of this information, the court entered an order allowing Heard an opportunity to file a current address with the court and/or show cause why this case should not be dismissed for his failure to prosecute the action. *Doc. No. 26*. This order specifically advised

---

[1] After indicating his transfer to the custody of the Alabama Department of Corrections, plaintiff most recently provided the Lee County Detention Center as his address. *Doc. No. 25*. However, it appears that the plaintiff is now in the free world, as he is not presently confined at the Lee County Detention Center. Indeed, a search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that he is not currently incarcerated at any facility within the state prison system.

Heard that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply would result in the dismissal of this case. *Id*. at 2. His response was due on or before February 8, 2017. The Clerk mailed a copy of this order to Heard. The postal service returned this order because Heard no longer resided at the last address provided to the court. As of the present date, the court has received no response from Heard to the order nor has he provided the court with his current address as required by the original order of procedure. Based on the foregoing, the court concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Heard is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Heard has failed to provide the court with his current address and, despite being given an opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. It likewise appears that Heard is no longer interested in the prosecution of this case as he has failed to contact the court since his release from confinement. Finally, and most importantly, this case simply cannot properly proceed in Heard's absence.

It is clear to the undersigned that any further effort by this court to secure Heard's compliance with its orders would be unavailing and a waste of scarce judicial resources. The actions of Heard indicate willful indifference to the maintenance of this action. Thus, the court concludes that Heard's failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.

1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.  It is further

ORDERED that on or before March 2, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 16th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge